IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROGER E. CLINE,

       Petitioner,

v.                                   Civil Action No. 5:07CV124
                                                                     (STAMP)
WILLIAM M. FOX, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    This case is before the Court on the pro se petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. In the petition, the petitioner challenges a conviction and sentence imposed by the Circuit Court of Greenbrier County, West Virginia, in 1992, for first degree murder. Upon an initial review, it is clear that this is not the first time the petitioner has challenged this same conviction and sentence under § 2254 in this Court. Accordingly, the petition will be dismissed as a successive petition.

                I.   Factual and Procedural History

A.   Petitioner's First § 2254 Petition

    On December 4, 2003, the petitioner filed a petition in this Court pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence imposed by the Circuit Court of Greenbrier County, West Virginia, for first degree murder. See Civil Action No. 1:03CV268. That case was dismissed with prejudice as untimely on May 23, 2005. The United States Court of Appeals for the Fourth Circuit denied

the petitioner a certificate of appealability and dismissed his appeal on October 19, 2005.

B.   Petitioner's Second § 2254 Petition

On August 17, 2006, the petitioner filed a second § 2254 petition challenging the same conviction and sentence out of Greenbrier County. See Civil Action No. 1:06CV123. In that petition, the petitioner alleged that newly discovered evidence established that he was actually innocent of the crime of which he was convicted.

On August 29, 2007, United States Magistrate Judge James E. Seibert issued a report and recommendation recommending that the petition be dismissed as successive. Prior to filing a second or successive § 2254 petition, a habeas petitioner must first obtain authorization from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3). For a petition to be deemed successive, the petitioner's first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). Although the petitioner's first § 2254 petition was dismissed on statute of limitations grounds, Magistrate Judge Seibert noted that such a dismissal is akin to a dismissal on the merits and bars a subsequent motion without leave of the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989). Because the petitioner had not obtained authorization from the Fourth Circuit prior to filing his successive § 2254 motion on August 17, 2006,

Magistrate Judge Seibert found that the Court was without authority to hear the petitioner's successive motion and recommended that the petition be denied with prejudice for that reason.

On September 6, 2007, the United States Court of Appeals for the Fourth Circuit issued an order denying the petitioner's motion for authorization to file a successive § 2254 application for relief.

On September 24, 2007, United States District Court Judge Irene M. Keeley entered an order affirming and adopting the report and recommendation of the magistrate judge. The petitioner's case was dismissed with prejudice because he failed to obtain authorization from the Fourth Circuit to file a successive petition.

C. Petitioner's Third § 2254 Petition

The petitioner filed the instant case, his third § 2254 petition related to the same Greenbrier County conviction for first degree murder, on September 27, 2007. In the petition, the petitioner first asserts that the trial court's decision denying his state petition for writ of habeas corpus was an "unreasonable application" of, and "contrary to," clearly established federal law. In support of this claim, the petitioner contends that the state court incorrectly concluded that he had freely and voluntarily waived his Fifth Amendment right against self-incrimination where the evidence showed that the prosecutor

obtained petitioner's waiver based on a promise to not ask the jury for no mercy.[1]

Next, the petitioner asserts that he is in custody in violation of the Constitution or law or treaties of the United States because his conviction was obtained through the use of involuntary and inadmissable evidence, <u>i.e.</u>, evidence obtained by violation of the petitioner's Fifth Amendment right against self-incrimination. In support of this argument, the petitioner argues the same factual scenario as in ground one of the instant petition.

## II.  <u>Analysis</u>

Title 28, United States Code, Section § 2244 (b) provides that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

---

[1] It appears that the prosecutor promised the petitioner he would not ask for a no mercy verdict at petitioner's trial if the petitioner agreed to testify against his co-defendants at their trials. Based on this promise, the petitioner did in fact testify against his co-defendants and that testimony was later used against the petitioner at his own trial. During closing arguments at the petitioner's trial, the prosecutor then asked the jury for a no mercy verdict. The jury, however, returned a verdict with a recommendation of mercy. The petitioner alleges that the prosecutor's reference to no mercy in his closing argument constitutes a breach of their agreement and rendered the petitioner's waiver of his right against self-incrimination void. Accordingly, the petitioner asserts that his prior testimony should not have been used against him at his own trial.

4

>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>   (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Here, the petitioner has filed two previous § 2254 petitions in this Court. As noted in the petitioner's prior case, his first § 2254 motion, although dismissed due to a time-bar, is akin to a dismissal on the merits and bars a subsequent motion without leave of the Fourth Circuit. As the petitioner has been denied authorization from the Fourth Circuit to file a successive § 2254, this Court is without authority to hear this § 2254 motion. <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Accordingly, pursuant to 28 U.S.C. § 2244, this Court is without authority to hear the instant case, the petitioner's third federal habeas petition.

III.   Conclusion

For the above-stated reasons, the petitioner's § 2254 petition is hereby DENIED as successive. It is therefore ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United State Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with the Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   October 3, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE